Defendant Powell has appealed from a judgment of the Rensselaer Trial Term of the Supreme Court in favor of plaintiff and from an order denying her motion for a new trial-. At about 5:00 p.m. on July 30, 1947, a collision occurred between the automobile in which plaintiff was a passenger and which was operated by defendant Hayward and a car owned and operated by defendant Archenbeault and a ear owned and operated by defendant Powell. The collision occurred on a highway connecting the city of Troy and East Greenbush. This highway runs north and south and consists of three lanes of concrete thirty feet in width. On the easterly side of the highway there were three trucks parked. The ear in which plaintiff was riding was proceeding northerly. It turned out to pass the parked trucks and came in contact with the cars of defendants Archenbeault and Powell which were proceeding in a southerly direction. As a result of the accident plaintiff was seriously injured. She recovered a judgment against defendants Hayward, Powell and Arehenbeault. Defendant Powell alone has appealed. The only issue raised by that defendant is that the court committed reversible error in submitting the case to-the jury. We think the court correctly charged the jury. Only questions of fact are involved. Judgment and order affirmed, with costs. Foster, P. J., Heffernan, Bergan and Coon, JJ., concur; Brewster, J., dissents in the following memorandum: As I view it the request to charge was a proper one unless the vague testimony of defendant Hayward to the effect that the appellant Powell’s car “ seemed to be edging slightly toward the center lane of the road ” rendered the denial of the request proper. Hayward, a codefendant, as aforesaid, gave the only substantial evidence that appellant Powell’s connection with the accident was other than her having driven out from the Jordan Dairy Bar. I am inclined to think the request was proper. What seemed to Hayward was, in my opinion, no evidence or at least insufficient evidence to present any question ás to the appellant Powell’s negligence other than was presented by the plaintiff’s testimony and the other proofs. What Hayward said “ seemed to ” him was consistent with the plaintiff’s claim that the Powell car came out of the dairy bar. I favor a reversal on the law and a new trial.